UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CHERYL S. FERNANDEZ, ET AL. | CIVIL ACTION |
| VERSUS | NO. 06-3024 |
| CHASE MANHATTAN MORTGAGE CORPORATION, ET AL. | SECTION "L" (1) |

## ORDER & REASONS

Before the Court is the defendant Liberty Mutual Fire Insurance Company's Motion for Summary Judgment (Rec. Doc. 36). For the following reasons, Liberty Mutual's motion is now GRANTED and the plaintiffs' claims against Liberty Mutual are hereby DISMISSED WITH PREJUDICE.

I.  BACKGROUND

This case arises from a dispute regarding flood insurance coverage for the plaintiffs' property located at 2821 Mumphrey Road in Chalmette, Louisiana, which suffered damage as a result of Hurricane Katrina. The remaining defendant in this case is Liberty Mutual, which had previously issued a Standard Flood Insurance Policy ("SFIP") to the plaintiffs pursuant to the National Flood Insurance Program ("NFIP").[1] The plaintiffs have settled their claims against Chase Home Mortgage, LLC.

---

[1] Congress created this Program with the passage of the National Flood Insurance Act of 1968, Pub. L. No. 90-448, §§ 1301-1377, 82 Stat. 476, 572-89 (codified at 42 U.S.C. §§ 4001-4129).

1

Following the storm, the plaintiffs attempted to make a claim under their flood insurance policy, but were informed by Liberty Mutual that their policy had lapsed as of 12:01 a.m. on April 28, 2005, due to the plaintiffs' failure to pay a renewal premium. The plaintiffs, however, contend that prior to refinancing their home in 2004, their mortgage company had always paid the premium on their flood insurance policy from funds held in escrow. Moreover, the plaintiffs allege that their new mortgage company, Chase, never informed them that it would no longer pay the premium for flood insurance. The plaintiffs admit that they received renewal and expiration notices from Liberty Mutual, but contend that these notices are ambiguous because they state that Chase is the "payor." Because of the alleged ambiguities, the plaintiffs never took any action in response to these notices.

On April 19, 2006, the plaintiffs filed the present action in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, and it was subsequently removed to this Court by Liberty Mutual. As noted above, the plaintiffs have settled their claims against Chase, but seek to recover from Liberty Mutual $75,000 for damages to their property and $30,000 for damages to their contents, in addition to damages for mental anguish and bad-faith penalties.

## II.     PRESENT MOTION

Liberty Mutual has filed a motion for summary judgment, seeking dismissal of the plaintiffs' claims. Liberty Mutual argues that the plaintiffs are charged with knowledge of the terms of the SFIP and have a duty to familiarize themselves with the rules of the NFIP program. Thus, Liberty Mutual argues that the plaintiffs' failure to pay a renewal premium is dispositive of their claims in this case.

**III.   LAW & ANALYSIS**

    **A.   Standard of Review**

Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). "A factual dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. A fact is 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

    **B.   Analysis**

Many Sections of this Court have succinctly discussed the basic contours of the NFIP and the various requirements that it imposes:

> [The NFIP] is intended to be a unified national program for providing flood insurance. It is underwritten by the United States Treasury and administered by the Federal Emergency Management Agency. Under its regulatory authority, FEMA developed the SFIP and the WYO program, which authorizes private insurance companies to issue SFIPs. Although the private insurance agencies issue the SFIPs, they are acting as fiscal agents of the United States. As mentioned above, [Liberty Mutual] is a WYO program carrier authorized to issue and administer SFIPs under its logo.

*Rodgers v. Allstate Ins. Co.*, No. 06-3685, 2007 WL 1029480, at *2 (E.D. La. Mar. 30, 2007).

Relying upon *Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380 (1947) and recent decisions of this Court, Liberty Mutual argues that the plaintiffs were responsible for knowing the terms and conditions of their national flood policy, including the fact that it would lapse as of 12:01 a.m. on April 28, 2005 if it were not renewed. It is true that the plaintiffs are charged with constructive knowledge of the provisions of the NFIP program, "regardless of actual knowledge of what is in the regulations or of the hardship resulting from ignorant innocence." *Merrill*, 332 U.S. at 385; *see also Larmann v. State Farm Ins. Co.*, No. 03-2993, 2005 WL 357191, at *4 (E.D. La. Feb. 11, 2005) ("[T]he insured has an additional outlet to which to turn to obtain information about the terms of the policy," namely the SFIP itself and federal statutes and regulations) (quoting *Richmond Printing L.L.C. v. Director FEMA*, 72 Fed. App'x 92 (5th Cir. 2003)).

This Section has recently addressed questions relating to renewal notices in a similar context. *See Borden v. Allstate Ins. Co.*, No. 06-10466, 2008 WL 1782382 (E.D. La. Apr. 18, 2008). Unlike the plaintiff in *Borden*, however, the plaintiffs in the instant case admit that they received renewal and expiration notices from Liberty Mutual. Therefore, based on this undisputed fact, and recognizing that "federal regulations exclusively establish the effect of non-payment of a renewal premium," *Santangelo v. State Farm Fire & Cas. Co.*, No. 06-828, 2007 WL 1655549, at *5 (E.D. La. June 6, 2007), the Court finds that summary judgment is appropriate in this case, notwithstanding any alleged ambiguity in the notices.[2]

---

[2] Similarly, the plaintiffs' contention that this case involves the procurement of a national flood policy, and therefore that they should be allowed to pursue state-law claims against Liberty Mutual, is without merit. This case clearly involves the "handling" or "adjustment" of a national

## IV.  CONCLUSION

For the foregoing reasons, IT IS ORDERED that Liberty Mutual's Motion for Summary Judgment (Rec. Doc. 36) is GRANTED and that the plaintiffs' claims against Liberty Mutual are hereby DISMISSED WITH PREJUDICE.  An appropriate judgment will follow.

New Orleans, Louisiana, this 28th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE

---

flood insurance policy and, thus, any extra-contractual claims are preempted. *See Wright v. Allstate Ins. Co.*, 415 F.3d 384, 389-91 (5th Cir. 2005).